### DECISION.

The deficiency should be computed in accordance with the following opinion. Final decision will be settled on consent or on ten days' notice, in accordance with Rule 50.

### OPINION.

JAMES: The taxpayer contends that it should be allowed to deduct the entire cost of the improvements set forth in the findings of fact in and for the fiscal year 1919. It alleges that the entire benefit of such changes related to that year, and that due to the imminence of the termination of its lease its payments were either in the nature of insurance or of rent and could not be regarded as capital expenditures.

The contract for the improvements or changes in the property was entered into on May 1, 1919; the work was completed on July 19, 1919; the fiscal year of the taxpayer closed July 31, and its lease terminated on June 30, 1920.

Accepting the view of the taxpayer that the payments for the changes in the property were at most rental or insurance, it is apparent that the benefits of such rental or insurance carried at least to the date of termination of the lease. If the payments be regarded as payments for insurance, they manifestly had the result of lowering payments of premiums of insurance not alone for the fiscal year 1919 but including the year 1920 to the termination of its lease as well. It does not appear that the expenditures were required to be made in conformity with provisions of its lease or to the demands of its lessor. The payments can not, therefore, be regarded in any sense as rent or as payments, which, had they not been made, would have resulted in the termination of the lease prior to the date of its expiration.

It appears, however, that the expenditures had a definite relation to the continuance of the business of the taxpayer from the time it determined to make them to the end of its lease. It appears that it definitely committed itself to the expenditures in question on May 1, 1919. It is, therefore, the opinion of the Board that the expenditure of $24,089.88 should be distributed over the period from May 1, 1919, to June 30, 1920.

---

**Appeal of FEDERAL HOLDING CO.**          **Docket No. 2003.**

Submitted April 7, 1925; decided May 20, 1925.

*Arthur L. Jones, C. P. A.*, for the taxpayer.
*A. J. Seaton, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, and TRUSSELL.

This is an appeal from a determination by the Commissioner of a deficiency in income and profits taxes of $2,574.54 for the year 1919; $3,109.21 for the year 1920; and $768.63 for the year 1921; a total of $6,452.38.

FINDINGS OF FACT.

The taxpayer is an Ohio corporation, engaged in the business of operating a moving-picture theater in Youngstown. It owns a theater building constructed with steel framework and terra-cotta finish. The building is located on leased land on a main thoroughfare of the city, within two blocks of the central square, and in the shopping district.

The taxpayer's building, which was designed exclusively for use as a motion-picture theater, was constructed in 1917 and 1918 at a total cost of approximately $252,000. The structure itself cost approximately $167,000, and will reasonably last for any purpose at least 50 years. The interior construction and ornaments, suitable solely for theater purposes, cost approximately $85,000, and will reasonably last approximately 20 years.

In making returns for the years in question, the taxpayer claimed a deduction of 5 per cent on account of depreciation and obsolescence on the total cost of the building. The Commissioner in auditing the returns allowed depreciation at the rate of 2 per cent. These respective depreciation rates are the sole issue before the Board, other than minor adjustments in the invested capital.

DECISION.

The income of the taxpayer should be recomputed by allowing a depreciation rate of 3 per cent. Final determination will be settled on consent or on 10 days' notice, in accordance with Rule 50.

---

Appeal of **MIDDLETON COMPRESS &**    Docket No. **1125.**
**WAREHOUSE CO.**

> A depreciation rate of 4 per cent upon the cost of a combination warehouse and wharf and of 10 per cent upon the cost of an extension of the wharf into deep water, *held* to be a reasonable allowance for exhaustion, wear and tear.
>
> Money actually paid in to the treasury of the corporation with the express understanding that the amount is to be considered in the nature of an increase in the capital of the company, *held* to be a part of the company's invested capital from the date paid in, although certificates of stock representing the same are not actually issued until a later date.

Submitted March 25, 1925; decided May 20, 1925.

*E. Willoughby Middleton, Esq.*, for the taxpayer.

*Ellis W. Manning, Esq.*, for the Commissioner.

Before JAMES, PHILLIPS, STERNHAGEN, TRAMMELL, and TRUSSELL.

This appeal involves income and profits taxes for the fiscal years ended June 30, 1919, and June 30, 1920, in the amounts of $4,446.65 and $618.11, respectively. From the evidence submitted the Board makes the following